Prob 12C
(Rev. 1/06 D/HI)

CC: TY PS Date

**ORIGINAL**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 2 4 2006

at 3 o'clock and 25 min P M
SUE BEITIA, CLERK

## United States District Court

### for the

### DISTRICT OF HAWAII

U.S.A. vs. <u>BENEDICT RAQUEL</u>　　　　　　　　　　Docket No. <u>CR 04-00213DAE-01</u>

### REQUEST FOR COURSE OF ACTION
(Statement of Alleged Violations of Supervised Release)

　　COMES NOW MARK T. NUGENT, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Benedict Raquel who was placed on supervision by the Honorable Robert M. Takasugi, sitting in the Court at Honolulu, Hawaii, on the 17th day of August 2005, who fixed the period of supervision at 3 years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. That the defendant serve 5 months of home detention with electronic monitoring as arranged by the Probation Office. During this time, the defendant shall remain at his place of residence during nonworking hours and shall not leave his residence without the prior approval of the Probation Office. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures pursuant to the Participant's Agreement and shall earn leave as determined by the Probation Office. The defendant will also be responsible for the payment of the electronic monitoring costs as directed by the Probation Office.

2. That the defendant participate in a substance abuse program, which may include drug and alcohol testing, at the discretion and direction of the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

3. That the defendant execute all financial disclosure forms requested by the Probation Office and provide access to any requested financial information.

4. That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

Prob 12C
(Rev. 1/06 D/HI)

2

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

Alleged Violation(s) of Supervised Release

That the subject has violated the conditions of his Supervised Release (Probation Form 7A attached) as follows:

1. On or about 4/8/2006, the defendant associated with individuals involved in criminal activity, in violation of Standard Condition No. 9.

2. On or about 4/8/2006, the defendant engaged in conduct constituting Cruelty to Animals, in violation of Hawaii Revised Statues § 711-1109 and the General Conditions.

Based on the above, the U.S. Probation Officer recommends that a Summons be issued and that the subject be brought before the Court to show cause why supervision should not be revoked.

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[X] The Issuance of a Summons and that the subject be brought before the Court to show cause why supervision should not be revoked.

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct

Executed on   4/20/2006

MARK T. NUGENT
U.S. Probation Officer

Approved by:

PETER D. YOSHIHARA
Supervising U.S. Probation Officer

## ORDER OF COURT

THE COURT ORDERS the issuance of a Summons that the subject be brought before the Court to show cause why supervision should not be revoked.

Considered and ordered this 20th day of April, 2006, and ordered filed and made a part of the records in the above case.

_____
DAVID ALAN EZRA
U.S. District Judge

Re:  **RAQUEL, Benedict**
**Criminal No. CR 04-00213DAE-01**
**REVOCATION OF SUPERVISED RELEASE**

## STATEMENT OF FACTS

On 8/17/2005 the subject began his term of supervised release.

On 4/10/2006, the U.S. Probation Office received information from a Hawaii County Police Department (HCPD) police officer that the subject was arrested on 4/8/2006 for committing the crime of Cruelty to Animals. According to the officer and to police reports, on 4/8/2006 at approximately 3:30 p.m., members of the HCPD conducted a raid of a cockfight located in Keaau, Hawaii. Upon their arrival, the subject was observed standing inside the cockfight arena holding two fighting roosters. Both roosters were equipped with gaffs and appeared ready to fight. As a result of the subject's presence within the fighting arena and his physical possession of the roosters armed with gaffs, the subject was arrested for Cruelty to Animals. Following his arrest, police recovered $65 from the subject's pants pocket and $900 from his wallet.

Later that same day (4/10/2006), the subject telephonically contacted this officer and reported that he was arrested on 4/8/2006 for Cruelty to Animals. The subject admitted that he was present at a cockfight in Keaau, Hawaii. He indicated that he was aware that cockfighting is illegal and that his presence at the cockfight was a violation of his supervision. According to the subject, when the police arrived he was inside the cockfighting arena holding two fighting roosters that were equipped with gaffs. However, the subject claims that he did not own the fighting roosters and that he was only holding them for a friend named "Cesar" who went to use the bathroom. The subject reported that he was at the cockfight as an observer and that he was not involved in betting on any of the fights. Upon being questioned about being in possession of $965 in cash, the subject claimed that it was his "rent money." The subject denies being involved in betting on any of the cockfights.

According to a representative of the HCPD, the case against the subject is currently pending further investigation.

Re:  **RAQUEL, Benedict**
**Criminal No. CR 04-00213DAE-01**
**REVOCATION OF SUPERVISED RELEASE**
**STATEMENT OF FACTS - Page 2**

However, at a minimum, there is a preponderance of evidence to indicate that the subject has reinvolved himself in criminal activity, specifically by committing the crime of Cruelty to Animals. The subject's presence inside a cockfighting arena while holding two fighting roosters that were equipped with gaffs indicates he was involved in cockfighting which is a violation of Hawaii Revised Statues § 711-1109 (Cruelty to Animals). Based upon the subject's involvement in new criminal activity, it is respectfully recommended that a Summons be issued by the Court to show cause why supervised release should not be revoked.

Respectfully submitted by,

MARK T. NUGENT
U.S. Probation Officer

Approved by:

PETER D. YOSHIHARA
Supervising U.S. Probation Officer

MTN/ct

Re:   **RAQUEL, Benedict**
**Criminal No. CR 04-00213DAE-01**
**REVOCATION OF SUPERVISED RELEASE**
**STATEMENT OF FACTS - Page 3**

## NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION

5. That the defendant is prohibited from possessing, selling, buying, or otherwise engaging in the transfer of any merchandise that is specifically designed for use in cockfighting activities, including but not limited to the following: gaffs, blades, leashes, gaff-covers, blade-covers, sheaths, and lashes.

6. That the defendant is prohibited from possessing, selling, buying, or otherwise engaging in the transfer of any live game fowl.

7. That the defendant is prohibited from participating in any form of cockfighting and/or gambling; being in the presence of any cockfighting or gambling; frequenting any business, residence or area where any cockfighting and/or gambling activities have occurred or are presently occurring; and associating with any persons engaged in cockfighting and/or gambling.

PROB 7A
(Rev. 9/00, D/HI 7/02)

**Conditions of Probation and Supervised Release**

# UNITED STATES DISTRICT COURT

## FOR THE

## DISTRICT OF HAWAII

To:       BENEDICT RAQUEL                           Docket No. CR 04-00213DAE-01
Address:

      Under the terms of this sentence, the defendant has been placed on probation by the Honorable David Alan Ezra, Chief U.S. District Judge for the District of Hawaii. The defendant's term of supervision is for a period of 3 years commencing upon release from confinement.

      While on probation, the defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance.

      If the judgment imposed a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any Schedule of Payments set forth in the Criminal Monetary Penalties sheet of the judgment. In any case, the defendant should cooperate with the probation officer in meeting any financial obligations.

      The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons (supervised release cases only).

[X]   The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

      **For offenses committed on or after September 13, 1994:**

      The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter.

[ ]   The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

**It is the order of the Court that the defendant shall comply with the following standard conditions:**

    (1)   The defendant shall not leave the judicial district without the permission of the court or probation officer;

    (2)   The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

    (3)   The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4) The defendant shall support his or her dependents and meet other family responsibilities;

(5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

(6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

(7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;

(8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

(9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

(11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**The special conditions ordered by the Court are as follows:**

*SEE ATTACHED.*

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____   7/25/05
BENEDICT RAQUEL, Defendant            Date

_____   7/25/05
MARK T. NUGENT                    Date
U.S. Probation Officer

PROB 7A
(Rev. 9/00; D/HI 7/02)

RE: **BENEDICT RAQUEL**
Docket No. CR 04-00213DAE-01

## Conditions of Probation and Supervised Release
### (continued from previous page)

1) That the defendant serve 5 months of home detention with electronic monitoring as arranged by the Probation Office. During this time, the defendant shall remain at his place of residence during non-working hours and shall not leave his residence without the approval of the Probation Office. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures pursuant to the Participant's Agreement and shall earn leave as determined by the Probation Office. The defendant also will be responsible for the payment of the electronic monitoring costs as directed by the Probation Office.

2) That the defendant participate in a substance abuse program, which may include drug and alcohol testing, at the discretion and direction of the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

3) That the defendant execute all financial disclosure forms requested by the Probation Office and provide access to any requested financial information.

4) That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____   7/25/05
BENEDICT RAQUEL, Defendant           Date

_____   7/25/05
MARK T. NUGENT              Date
U.S. Probation Officer